UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    ALISSA LYNN TABLISH,                             Case No. 10-20372-dob
          Debtor.                                           Chapter 13 Proceeding
                                                                       Hon. Daniel S. Opperman
_____/
ALISSA LYNN TABLISH,
          Plaintiff,

v.                                                                         Adversary Proceeding
                                                                         Case No. 18-2040-dob

AMERICAN EDUCATION SERVICES,
NAVIENT SOLUTIONS, LLC, NATIONAL
COLLEGIATE STUDENT LOAN TRUST 2004-1,
NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2005-2, NATIONAL COLLEGIATE
STUDENT LOAN TRUST 2006-2, AND
SHERMETA LAW GROUP, PLLC,
          Defendants.
_____/

OPINION REGARDING MOTION TO DISMISS OF
DEFENDANT AMERICAN EDUCATION SERVICES

Introduction

Plaintiff, Alissa Lynn Tablish, reopened her case to file this adversary proceeding to determine whether her debt to various Defendants is discharged and whether Defendants should be held in contempt of Court for violating the discharge injunction. One Defendant, American Education Services, filed a Motion to Dismiss, arguing that the debt it services is excepted by 11 U.S.C. § 523(a)(8)(A)(i). At oral argument, Plaintiff questioned the authenticity of Defendant's documents and Defendant explained that the proffered documents were authentic. The Court allowed the parties an opportunity to supplement the record, which each party did. Thereafter, the

1

Court held a status conference on December 14, 2018 and heard additional limited argument. Because the Court is not satisfied that the record before it is complete, Defendant's Motion to Dismiss is denied.

## Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157, and E.D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (I) (determinations as to the dischargeability of particular debts).

## Facts

Plaintiff filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on February 5, 2010.[1] After completion of her Chapter 13 plan, she received a discharge on December 2, 2014, and her case was closed shortly thereafter. Plaintiff filed a motion to reopen her bankruptcy case on May 2, 2018, for the purpose of filing this adversary proceeding. On July 6, 2018, she brought an adversary complaint against Defendants American Education Services, Navient Solutions, LLC, National Collegiate Student Loan Trust ("NCST") 2004-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2006-2, and Shermeta Law Group, PLLC. Plaintiff's First Amended Complaint alleges she was an undergraduate student at Delta College from 2003-2006 and at Saginaw Valley State University

---

[1] As explored at the October 19, 2018 hearing, Plaintiff scheduled "AES 4/05 student loans in the amount of $102,650.59" with no indication that this debt was contingent, unliquidated or disputed. Plaintiff's Plan, Section 4(M) stated: The Plan includes the following additional provision(s): <u>(1) This plan shall treat the debtor's student loan claims as general unsecured non-priority claims. (2) The automatic stay shall be effective as to these claims. (3) AES (American Education Services) shall not be able to attempt to collect the debt owed to it during the pendency of this plan from the debtor and the co-debtor, Cheryl Harper.</u> The Plan was confirmed by the Court on April 9, 2010.

from 2006-2008. In addition to Pell grants and direct Stafford loans,[2] Plaintiff states that she took out the following private loans: 1) a loan on May 18, 2004, in the amount of $33,519.55 by NCST 2004-1; 2) a loan on April 22, 2005, in the amount of $27,333.24 by NCST 2005-2; 3) a loan on April 28, 2006, in the amount of $11,173.18 by NCST 2006-2; and 4) a loan on October 1, 2006, in the amount of $2,102.00 by Navient. The First Amended Complaint sets forth that Defendant American Education Services is a business entity that engages in the servicing and collection of consumer debt.

Plaintiff seeks a declaratory judgment that these private loans are dischargeable student loans because they were not made solely for the "cost of attendance" and were therefore not qualified education loans under § 523(a)(8)(B). She alleges that the "cost of attendance" for tuition and expenses for an undergraduate student living on campus at Delta College for the 2004-2005 year was $9,481.00 and for the 2005-2006 year was $9,684.00 and at Saginaw Valley State University during the relevant time frame was $13,717.00 per year. Plaintiff also alleges that Defendants demanded payments on the discharged debt in violation of the discharge order and seeks a contempt finding for that alleged violation.

Defendant American Education Services moved to dismiss this adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] It argues that, as a matter of law, the loans at issue are nonprofit funded student loans under § 523(a)(8)(A)(i) and are therefore nondischargeable. In support of this argument, Defendant provides the loan agreements signed by Plaintiff.

---

[2] She sets forth that in 2004-2005, she borrowed $1,519.00 in Pell grants and in 2005-2006, she borrowed $10,061.0 in direct Stafford loans and $2,025.00 in Pell grants.

[3] Made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012.

Plaintiff objects to the Motion to Dismiss and argues that "direct to consumer" loans such as the loans at issue do not qualify as education loans under the Code. Plaintiff also questioned the authenticity of the documents produced by Defendant. The Court heard oral arguments and allowed the parties to submit additional pleadings. Defendant American Education Services claims the documents supplied to the Court in support of its motion are unique to the Plaintiff because of a particular control number, so the pages not signed by the Plaintiff were the same. But the Plaintiff has found another set of documents produced by Defendant American Education Services in a different case for the Eastern District of Michigan in the case of *In re Elizabeth Kaufman*, 09-56063-mar, Proof of Claim No. 16-1, that contain the same control number.

Applicable Law

A. <u>Motion to Dismiss Standard</u>

Under Rule 12(b)(6), a party may assert by motion the "failure to state a claim upon which relief can be granted." The United States Supreme Court has held that in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the Supreme Court renounced the previously "'accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 561-62 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As explained by the Supreme Court in *Twombly*, while "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," this "requires more than labels and conclusions, and

4

18-02040-dob    Doc 62    Filed 02/21/19    Entered 02/21/19 13:49:16    Page 4 of 7

a formulaic recitation of the elements of a cause of action will not do[.] . . . Factual allegations must be enough to raise a right to relief above the speculative level," assuming that all of the complaint's allegations are true. *Id.* at 555 (internal quotations and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009), the Supreme Court confirmed that the *Twombly* standard applies in all federal civil actions and not just in antitrust disputes as was the case in *Twombly*. The Supreme Court also emphasized that the assumption that all of the allegations are true does not apply to legal conclusions: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Moreover, the Supreme Court noted that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In sum, while the plausibility standard first set forth by *Twombly* does not require "'detailed factual allegations'" or a showing of probability, *id.* at 678 (quoting *Twombly*, 550 U.S. at 555), "'the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory,'" *Digeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014) (quoting *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012)). When deciding a Rule 12(b)(6) motion to dismiss, the Court "must 'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The defendant has the burden of showing that the plaintiff failed to state a plausible claim for relief. *Id.*

B. Section 523(a)(8)

Section 523(a)(8) provides an exception from discharge under certain circumstances:

(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—

(A)
  (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

  (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

(B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

11 U.S.C. § 523(a)(8).

Analysis and Conclusion

While the Court was prepared to address Defendant's Motion completely, it cannot do so at this time because it is unclear if the documents attached to Defendant's motion are accurate or admissible. Putting aside the finer issues of admissibility of copies of documents, the Court cannot summarily overlook a fundamental, unexplained issue of how a unique control number for an individual borrower somehow appears in at least another different case with two different debtors/borrowers. Until this discrepancy can be explained, the Court does not have a sufficient factual basis to grant Defendant's relief. At this stage of the case, Plaintiff has stated a cause of action as required by *Twombly* and *Iqbal*. Accordingly, Defendant's Motion to Dismiss is denied.

Counsel for Plaintiff is directed to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Signed on February 21, 2019**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge